**In re the MARRIAGE OF Sally Ann Petefish WIARDA and Stephen Ross Wiarda,**

**Upon the Petition of Sally Ann Petefish Wiarda, Appellant,**

**and Concerning**

**Stephen Ross Wiarda, Appellee.**

**No. 92–1287.**

Court of Appeals of Iowa.

June 29, 1993.

Harvey L. Harrison, Des Moines, for appellant.

James D. Robertson of Haupert, Robertson & Weiss, Marshalltown, until his withdrawal, and then Eric Borseth, Des Moines, for appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

Sally Petefish Wiarda (Sally) appeals the district court's decree of dissolution of marriage from Stephen Ross Wiarda (Stephen). Sally claims the court erred in: (1) dividing the parties' property; (2) fixing the child support award; (3) determining the visitation schedule; (4) refusing to grant Sally primary physical care of the two children of the marriage; and (5) considering her sexual orientation in its custody decision. We affirm as modified.

While Sally raises all of the above issues in her appeal, by far the controlling issue is the question of the physical custody of the two children of this marriage. We address that issue first. Two children have been born of this marriage. Sarah, born October 6, 1979, was twelve years old at the time of trial, and Sadie, born February 13, 1988, was four years of age at the time of trial. The trial court granted joint legal custody to the parties, with Stephen receiving primary physical custody of the children. Sally was granted visitation.

■ Our review in this matter is de novo. Iowa R.App.P. 4. In child custody cases, the best interest of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.-41(3), *In re Marriage of Weidner,* 338 N.W.2d 351, 355–56 (Iowa 1983), and *In re Marriage of Winter,* 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear upon the "first and governing consideration," the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban,* 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App.1985).

In reaching its decision on this issue, the trial court gave consideration to the elements set out in *In re Marriage of Winter,* and the considerations enumerated in Iowa Code sec-

tion 598.41(3) (1991). Based upon its consideration, the trial court stated:

> [V]iewing the record in its totality within the range of permissible evidence in accordance with Section 598.41(3) and applicable case authority, the record herein establishes that the Respondent is better able to minister most effectively to the long-range best interests of the parties children.

Sally suggests that the court, in arriving at its decision on physical custody of the children, improperly relied upon her homosexual relationship with a woman friend with whom she had had an admitted homosexual relationship. There is nothing in this record, or in the rulings of the court to support that suggestion. This was, admittedly, a close call as to where the children should be principally housed. Both Sally and Stephen are outstanding parents to their children, and both have made efforts to support each other in their relationships with the children.

It appears from the record that Sally's relationship with her friend has not had a calming effect upon either the children or upon the difficult problems of the breakup of this marriage. It is certain that Sally's friend's presence in this matter has caused twelve-year-old Sarah certain anxieties and, from Sarah's viewpoint, has contributed to the continued breakdown of the relationship between Sally and Stephen. Such would likely be the case whether Sally's friend were a man or a woman. The trial court did not make its decision based upon its view of the homosexual nature of the relationship between Sally and her friend, although the court may well have decided the relationship was disruptive to the continued good relationship between the two children and both parents.

Sally also complains that in arriving at its decision as to physical custody the court improperly relied upon a home study made at the direction of the court. She also claims that study unnecessarily and improperly relied upon a report which had been excluded from evidence. Iowa Code section 598.12(2) (1991) provides:

> The court may require that the department of human services or an appropriate agency make an investigation of both parties regarding the home conditions, parenting capabilities, and other matters pertinent to the best interests of the child or children in a dispute concerning custody of the child or children. The investigation report completed by the department of human services or an appropriate agency shall be submitted to the court and available to both parties. The investigation report completed by the department of human services or an appropriate agency shall be a part of the record unless otherwise ordered by the court.

The court utilized this section to assist it in determining the proper custody award in accordance with the best interests of these children. It was not improper for the court to require this investigation in its effort to determine the best interests of the children.

In addition, Sally complains that the report arranged by the court improperly relied upon a report which had been excluded from evidence. To the extent the report included information from the report of Dr. Rolland, the information included was limited to the information the court permitted: the test results. The use of the independent report of Mr. Pearce was not improper under the provisions of section 598.12 or the holding in *In re Marriage of Williams*, 303 N.W.2d 160, 164–65 (Iowa 1981). Accordingly, we hold the decision of the trial court regarding physical custody was correct under this record and should be affirmed.

Next, Sally contends the visitation schedule is unduly restrictive. We agree with Sally that adjustment of the visitation schedule is necessary. First, we urge these two parents to cooperate in providing visitation with both parents at all appropriate times, and we urge the parents to support the visitation of each other. This can be best accomplished by a continuing dialogue between the parties and by sharing the decisions with respect to the health and welfare of the children. In addition, an effort to make joint decisions regarding the care of the children and the relationship between the children and both parents should be made.

Each parent should support the other parent in his or her decisions when the children

are with that parent and should realize that dissension between the parents will not be in the best interests of the children. To the end that both parents shall have a continuing relationship with the children in a quality manner, visitation shall be allowed at any and all times agreeable between these two parents. In the event the parents cannot agree on the visitation allowable between them, the minimum times and places of visitation as set out by the trial court shall prevail, with the following modifications:

1. Transportation for visitation shall be the responsibility of Sally, from Stephen's residence to Sally's residence, so long as Sally remains in the Kansas City area. Return transportation to Stephen's place of residence shall be the responsibility of Stephen. The parties should make an effort to divide the distance in order to avoid lengthy trips.

2. Sally shall have the right to visitation in her home for four weeks during the children's summer vacation from school. The parties may agree upon the four-week period. If they cannot agree, Sally shall give notice, not later than the 30th day of April of each year, of the period of time she elects to exercise that extended visitation. Such planning should allow for both parents to plan for the period of visitation and to arrange the visitation so that the effect upon the children's other summer activities will be minimal. During the four-week period, Stephen may visit the children in the community where Sally resides, at a time mutually agreed to by the parties. If they cannot agree on the time, that visitation shall occur starting at 5:30 p.m. on the second Friday of the extended visitation and shall end at 5:30 p.m. on the Sunday of that weekend.

Sally also contends the court should have established her child support obligation based upon the salary she now receives. The court required the clerk of court to make the calculation of the required child support by taking into consideration Sally's salary following her upcoming raise. It is very likely that Sally will, with the passage of her probationary period at her present job, receive a substantial raise. Her child support obligation at that time would likely increase.

Stephen's salary may also increase by that time.

We order that upon the filing of this opinion, the parties shall both submit to the court information, by way of affidavit, concerning their present salaries and the permissible deductions under the child support guidelines as promulgated by the Supreme Court of Iowa. Those affidavits shall be submitted to the district court for an order setting the proper amount of child support, after notice is given to the parties.

Finally, we have carefully examined the property division made by the district court. We modify that division by requiring Stephen to pay to Sally in one lump sum the amount of $6,500, Sally's interest in the sale of the real estate contract on the house in Dunbar. Such payment shall be made within sixty days of the issuance of procedendo. In all other respects, we affirm the trial court's division of property and indebtedness.

The parties shall pay their own attorney fees. The costs are divided equally between petitioner and respondent; judgment should be entered against each of them for one-half thereof.

In all other respects, the trial court's decision is affirmed.

**AFFIRMED AS MODIFIED.**